[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this action seeking repayment of the sum of $143,000 plus interest which was lent to the defendants in the year 2000. While acknowledging that the advancement was originally a loan, the defendants now claim that the plaintiff later called and told them that it was a gift. The defendants further claim that any agreement to repay the amount is unenforceable for failure to comply with the statute of frauds C.G.S. § 52-550. The case was heard by this court on February 25, 2003.
Facts
The plaintiff in the case is the father of the defendant, Gina Phillips. David Phillips is her husband. The testimony discloses that the plaintiff did transfer funds in the amount of $143,000 from his Dean Witter account to the defendants in May and June 2000. Both defendants testified that they acknowledged the receipt of the $143,000 from the plaintiff's Dean Witter Retirement Account and that their understanding was that it was a loan. They also understood that the principle would be payable when the defendants received financing on their Waterford residential property. The purpose of the loan was to buy the lot and obtain additional money for improving the lot. The defendants did make two payments into the Dean Witter account. One for $430.05 on June 25, 2000 and one for $726.64 on June 15, 2000.
The defendants received their financing by mortgage note and deed dated January 3, 2001. The plaintiff maintained that the purpose of the loan was to tide them over until they were able to get financing from a bank. Once they got such financing, he testified that he expected to be reimbursed for the loan and that he expected the defendants to also pay 9% interest by deposits into his Dean Witter account and that he never forgave the debt. The interest rate was at 9% per annum because that is what Dean Witter was charging him. Gina testified on cross examination that she stopped paying the interest because her father told her to CT Page 4174 "forget about it." She said that her father told her that he had given her sister money and wanted to do the same thing for her. She testified that she had no recollection as to the date of the conversation when her father told her he was forgiving the loan. The plaintiff testified that although he had given his other daughter $140,000 cash to allow her to purchase a piece of property over and above the $60,000 first mortgage but that since she was unable to make the payments on the mortgage he took the property back which in effect constituted repayment of the money he loaned her.
 DISCUSSION
The defendants argue that they have the benefit of the presumption of donative intent. While it is true that the law presumes a donative intent when the grantee is the natural object of the grantor's bounty, which as his daughter she would be, that presumption is rebuttable. Schmaling v.Schmaling, 48 Conn. App. 1 (1998). Once the plaintiff testified that the amount advanced was a loan, the presumption was rebutted and the court must then make a factual finding on the issue. Whitney v. Whitney,171 Conn. 23, 33 (176). The burden of proving a gift is on the donees, the defendants in this case. They must, therefore, prove that the plaintiff intended to make a gift by forgiving the outstanding loan. The court in making its finding as to whether or not a gift was intended by the plaintiff must rely upon its impression as to the credibility of the witnesses. Whether or not the plaintiff intended to convert the loan to a gift is a question of fact for the court. The defendant, Gina, testified that she had no recollection at all as to when the plaintiff stated that he was forgiving the loan. The failure of her and her husband to be able to specify with any specificity at all as to when the loan was forgiven, the court finds to be most significant. It tends to destroy her credibility in that regard. The plaintiff was very positive that at no time did he ever forgive the loan, and at all times he intended it to be a loan and that he intended it to be repaid with interest.
It is a fair inference from the testimony that the defendants were undergoing financial problems, and that was the reason for claiming the loan as a gift. The court clearly finds that the transfer of the money was a loan and that the defendants have an obligation to repay it with the agreed upon interest.
With respect to the statute of frauds, the court finds that it does not apply in this case.
"Conn. Gen. Stat. § 52-550 (a) provides inter alia, that: (a) no civil action may be maintained in the following cases unless the CT Page 4175 agreement or memorandum of the agreement is made in writing and signed by the party or the agent of the party to be charged . . . (6) upon any agreement for a loan in an amount which exceeds $50,000."
"The statute of frauds is intended to relieve against fraud and is not to be invoked as an instrument of perpetrating a wrong. Baum v.Sundstom, 14 Conn. Sup. 426. For the court to invoke the statute of frauds as a bar to the plaintiff's recovery, would in view that fact that the plaintiff actually did loan the money to the defendants be utilizing the statute of frauds to perpetrate a wrong. The existence of a contract is a question of fact to be determined by the trier on the basis of the evidence." LR Realty v. Connecticut National Bank, 53 Conn. App. 524,534 (1999).
The Supreme Court, however, has "repeatedly recognized that a contract is enforceable, despite the statute, when, subsequent to the making of the contract, there has been conduct that amounts to part performance."Hayman v. CBS, Inc., 178 Conn. 215, 222 (1979).
"The acts of parts of part performance generally must be such as are done by the party seeking to enforce the contract, in pursuance of the contract, and with the design of carrying the same into execution, and must also be done with the assent, express or implied, or knowledge of the other party, and be such acts as to alter the relations of the parties . . . The acts also must be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute."Ubysz v. Dipietro, 185 Conn. 47, 54, 440 A.2d 830 (1981). "In those cases where one party, in reliance upon the contract has partly performed it to such an extent that a repudiation of the contract by the other party would amount to the perpetration of a fraud, equity looks upon the contract as removed from the operation of the statute of frauds and will enforce it by specific performance or give other relief as the case may be." Breen v. Phelps, 186 Conn. 86 (1982).
In this case, the plaintiff argues that the parties had an agreement characterizing the transfer of $143,000 to the defendants as a loan. The defendants agreed that it was a loan. Therefore, there is no claim that there was no contract which is what the statute of frauds is designed to prevent. In this case, the existence of a contract is not an issue. The parties agreed that there was a contract. That alone is enough to take the case out of the statute of frauds. However, in addition to that, there is the part performance of the plaintiff in actually transferring the $143,000 to the defendants as a loan. This obviously was done pursuant to the contract that the plaintiff claims exists with the intent of CT Page 4176 executing the contract. Such actions consist of more than mere partial performance. Accordingly, the court finds that the statute of frauds does not bar the plaintiff from recovering in this case.
Conclusion
The court finds that there was a contract to loan the amount of money requested $143,000. The money was transferred to the defendants with the understanding that it would be a loan, although the defendants claim that the plaintiff later changed it to a gift. The plaintiff denies that. The court finds the testimony of the plaintiff to be supported by all of the facts and circumstances surrounding the case. The fact that the defendants do not even recall the date of the alleged change from a loan to a gift militates against their credibility. Accordingly, the court finds the plaintiff's testimony to be the more credible and finds in favor of the plaintiff with respect to proving that the transfer of the funds was a loan and not a gift. The court also finds that the statute of frauds does not bar recovery by the plaintiff in this case.
The court finds for the plaintiff to the effect that the transfer of $143,000 was a loan and not a gift. The court also finds that the plaintiff's action is not barred by the statute of frauds. There is, therefore, no need for the court to consider the count of quantum meruit.
Accordingly, the court awards damages to the plaintiff as follows:
 Interest at the rate of 9% per annum on $115,000 from May 10 to June 20, 2000 $ 1,162.76
 Interest at the rate of 9% per annum on $143,000 from June 20, 2000 to March 15, 2003 35,260.27
Principle amount due 143,000.00
Gross Total $179,423.03
Less payments of -1,156.79
Balance Due $178,266.24
The court, therefore, finds for the plaintiff and orders the plaintiff recover $178,266.24 from the defendants.
D. Michael Hurley, JTR CT Page 4177
[EDITORS' NOTE: This page is blank.] CT Page 4178